# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARVER BENSON, et al.** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| v. | : | No.: 09-cv-3194 |
| | : | |
| **GIANT FOOD STORES, LLC, et al.** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

**SITARSKI, M.J.**                                                                              February 28, 2011

Presently before the Court is Defendants' Motion For Reconsideration of the December 10, 2010 Order Denying Defendants' Motion For Attorney Fees and Expenses ("Motion for Reconsideration"). (Doc. No. 108).

## I.   BACKGROUND

On July 9, 2009, Plaintiffs brought this civil action against three defendants: Giant Food Stores, LLC, Ahold USA, and Giant Food, LLC. (Doc. No. 1). On August 13, 2010, counsel stipulated to the dismissal with prejudice of two of the defendants (Ahold USA and Giant Food, LLC) (Doc. No. 68), and the matter proceeded to trial against the remaining defendant, Giant Food Stores, LLC ("Giant"). Following a three-day trial, a jury found that Giant's negligence was the "factual cause" of Mr. Benson's injury; however, the jury, awarded $0.00 in damages. (Doc. No. 80). On August 18, 2010, this Court entered judgment, and the matter was marked closed. (Doc. Nos. 81, 82). Plaintiffs filed a Motion for New Trial on September 3, 2010, which Giant opposed. (Doc. Nos. 87, 90). On September 29, 2010, this Court entered an order denying Plaintiffs' Motion for New Trial. (Doc. No. 92).

Thereafter, on October 13, 2010, Giant filed a Motion for Attorney Fees and Expenses ("Motion for Fees").[1] (Doc. No. 93). Giant requested $65,435.00 in fees and $5,905.80 in expenses incurred beginning with receipt of the Complaint through and including trial and post-trial motions. (Doc. No. 93, at Ex. Q). Giant's Motion for Fees, which referenced Federal Rule of Civil Procedure 54(d)(2), 28 U.S.C.A. Section 1927, and Local Rule of Civil Procedure 83.6.1, asserted that the motion had been timely filed "within 14 days of [the Court's] September 29, 2010 Order denying Plaintiffs' Motion For a New Trial . . . ." (Doc. No. 93, ¶¶ 3, 4). Plaintiffs filed an Answer in Opposition, and Giant filed a Reply. (Doc. Nos. 94, 100).

On December 10, 2010, the Court denied Giant's Motion for Fees, concluding that the motion was not timely filed.[2] (Doc. No. 106). Within one week, on December 17, 2010, Giant filed the instant Motion for Reconsideration, to which Plaintiffs declined to submit a response. (Doc. No. 108). On January 7, 2011, before the Court had an opportunity to rule on the Motion for Reconsideration, Giant filed a Notice of Appeal from the Order of December 10, 2010. (Doc. No. 110). Thereafter, the Court ordered the parties to address whether the Court retained jurisdiction to decide the pending Motion for Reconsideration, given the filing of Giant's Notice of Appeal. (Doc. No. 113). The parties filed briefs and appeared for oral argument. (Doc. Nos. 114, 115, 116, 118).

In addressing the effect of its notice of appeal, Giant initially suggested that the Court

---

[1] The Motion for Fees was titled "Defendants, Giant Food Stores, LLC, Ahold USA and Giant Food, LLC's Motion for Attorney Fees and Expenses." (Doc. No. 93).

[2] The Court noted that Giant's Motion for Fees filed pursuant to Rule 54(d)(2)(B) was to have been filed no later than 14 days after the entry of the judgment on August 18, 2010. (Doc. No. 106, fn. 1).

make an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.[3]  (Doc. No. 114).

Thereafter, Giant filed a supplemental brief arguing that "Appellate Rule of Civil Procedure 4(a)(4)(B) allows [the district court] to maintain jurisdiction until disposition of the last remaining motion which would encompass Defendants' Motion for Reconsideration."  (Doc. No. 118, p. 3).  In short, Giant asks the Court to exercise its jurisdiction to grant the Motion for Reconsideration, or, alternatively, to issue an indicative ruling if the Court determines that it does not have jurisdiction to decide the motion.

As discussed below, I do not find that it is necessary to issue an indicative ruling in this case.  As stated in the 2009 Adoption of Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, "Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of.  [In such cases,] the district court has the authority to grant the motion without resorting to the indicative ruling procedure."

Here, the Court retains jurisdiction to dispose of the Giant's Motion for Reconsideration, because the motion was timely filed less than 28 days after entry of the Court's order dated December 10, 2010.  *See* Fed.R.Civ.Pro. 59(e); Fed.R.App.Pro. 4(a)(4)(A)(v).

---

[3]  Where the district court no longer has jurisdiction to grant a motion for reconsideration because a perfected is pending, the district court has the power to certify that it will grant the motion if the matter is remanded.  As noted in the 2009 Adoption of Rule 62.1, "[e]xperienced lawyers often refer to the suggestion for remand as an "indicative ruling."  Fed.R.Civ.Pro. 62.1; *Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir.1985).

## II. DISCUSSION

### A. District Court Jurisdiction

The Federal Rules of Appellate Procedure allow a party to appeal a district court's decision by filing a notice of appeal with the clerk of the district court. Fed.R.App.Pro. 3(a). Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[i]f a party files a notice of appeal after the [district] court announces or enters judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice of appeal becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." Fed.R.App.Pro. 4(a)(4)(B)(i); *Carrascosa v. McGuire*, 520 F.3d 249, 253 (3d Cir.2008) ("a notice of appeal filed before the disposition of one of the motions specified in Rule 4(a)(4)(A), including a motion for reconsideration, will become effective upon entry of the order disposing of the motion"); *see also Young v. Local 1201, Fireman & Oilers Union*, No. 07-3576, 2010 WL 1006411 at *1 (E.D.Pa. March 16, 2010). Thus, pursuant to Federal Rule of Appellate Procedure 4(a)(4), the district court retains jurisdiction to decide certain timely post-judgment motions. Of particular relevance, the district court may enter an order disposing of a motion "to alter or amend the judgment under Rule 59," or "for relief under Rule 60 of the motion is filed no later than 28 days after the judgment is entered." Fed.R.App.Pro. 4(a)(4)(A)(v)-(vi).

Here, Giant filed a motion titled only "Motion for Reconsideration of the December 10, 2010 Order Denying Defendants' Motion For Attorney Fees and Expenses." (Doc. No. 108).

4

Giant's motion was filed within one week of the order dated December 10, 2010. The motion did not specifically request relief pursuant to Federal Rule of Civil Procedure 59 or 60, but as discussed below, the Motion for Reconsideration addressed a mistake of law. Giant's supplemental brief argued that its Motion for Reconsideration sought relief pursuant to Rule 60(b). (Doc. No. 118). At oral argument, Plaintiffs asked the Court to address the Motion for Reconsideration under Rule 59(e).

A motion for reconsideration may be treated as a Rule 59(e) motion for amendment of judgment or a Rule 60(b) motion for relief from judgment. The function of the motion dictates which Rule is applicable. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("[T]he function of the motion, and not the caption, dictates which Rule is applicable."); *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir.2002) (Courts can recharacterize the motion to match the relief sought); *see also Royal v. United States*, No. 09-3098, 2010 WL 55294 at *1 (E.D.Pa. Jan. 5, 2010). Motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, yet each has a particular purpose. "Rule 60(b) provides six bases for reconsideration, including 'mistake, inadvertence, surprise, or excusable neglect' . . . In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used *to allege legal error*." *United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003) (emphasis added).

Because Giant's motion asserts that the Court committed a legal error, the motion is properly characterized as a motion under Rule 59(e). *Holland v. Holt*, Slip Copy 2010 WL 5018169, at *2 (3d Cir. Dec. 9, 2010) ("Because a motion under Rule 59(e) is a device to relitigate the original issue decided by the district court and used to allege legal error," the district

5

court did not err in treating the pleading as a motion for reconsideration under Rule 59(e)) (internal citations omitted); *see also Tucker v. I'Jama*, Slip Copy, 2010 WL 5158454 at *1 (3d Cir. Dec. 15, 2010). Moreover, the Third Circuit has said that "[f]or purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment." *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir.1985); *see also Holsworth v. Berg*, 322 Fed. Appx. 143, 146 (3d Cir.2009) (*citing Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir.1987). Thus, the Court will treat Giant's Motion for Reconsideration as a motion under Federal Rule of Civil Procedure 59(e).

Because Giant has filed a timely Rule 59(e) motion, the Court may exercise jurisdiction over the motion. Fed.R.App.Pro. 4(a)(4)(A)(v); *Carrascosa*, 520 F.3d at 253; *Young*, 2010 WL 1006411 at *1; *Spann v. Gillis*, No. 05-0034, 2007 WL 1428773 at *1 (E.D.Pa. May 11, 2007) (The district courts retain jurisdiction to rule on timely Rule 59 motions). Accordingly, we now address the issue of whether reconsideration is warranted in this matter.

### B.  Motion for Reconsideration Standard

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*quoting Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). "A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice." *Choi v. Kim*, 258 Fed. App'x 413, 416 (3d Cir.2007) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). The party seeking

6

reconsideration bears the burden of establishing one of these grounds. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *In re Loewen Group Inc. Sec. Litig.*, 2006 WL 27286, at *1 (E.D.Pa. Jan.5, 2006) ("In a motion for reconsideration, the burden is on the movant.") (internal quotation omitted). "A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F.Supp.2d 394, 398 (E.D.Pa.2002).

### C. Analysis of Giant's Unopposed Motion for Reconsideration

The instant motion seeks reconsideration of the Court's order denying Giant's Motion for Fees. As noted in the order, Giant's Motion for Fees, filed on October 13, 2010,

> was filed fifty-six (56) days from the entry of judgment on the jury verdict. Rule 54(d)(2)(B) provides, in relevant part, that a motion for attorney fees must be 'filed no later than 14 days after the entry of judgment.' FRCP 54(d)(2)(B)(i). The relevant event is 'the entry of the judgment that required the prevailing party to incur . . . the fees.' *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007). Since judgment was entered on August 18, 2010, any motion for attorney's fees filed pursuant to Rule 54(d)(2)(B) was to have been filed on or before September 1, 2010.

(Doc. No. 106, fn 1). Thus, the Court denied Giant's Motion for Fees based on timeliness.

Giant does not contest the Court's determination that Rule 54(d)(2)(B)(i) requires filing within 14 days and that the relevant judgment was entered on August 18, 2010. Instead, Giant points to subsection 54(d)(2)(E), which provides an exception for "claims for fees and expenses as sanctions . . . under 28 U.S.C. § 1927." Fed.R.Civ.Pro. 54(d)(2)(E). Giant argues that its Motion for Fees was "pursuant to, inter alia, 28 U.S.C.A. section 1927 because of [counsel's]

7

unreasonable and vexatious conduct . . . ." (Doc. No. 108, ¶ 7). Thus, Giant argues that the Rule 54(d)(2)(E) exception applies, and its Motion for Fees is not subject to the 14 day time frame previously contemplated. Giant further asserts that it's motion was filed within the "reasonable" time frame required for claims under 28 U.S.C.A. section 1927.

While Giant's Motion for Fees did not expressly request application of the Rule 54(d)(2)(E) exception, Giant's motion did include argument that it was entitled to fees pursuant to 28 U.S.C.A. section 1927. Therefore, filing within 14 days was not required. Fed.R.Civ.Pro. 54(d)(2)(E); *Rousseau v. Echosphere Corp.*, No. 03-1230, 2005 WL 2176839 (M.D.Pa. Aug. 30, 2005); *Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, No. 96-1381, 1997 WL 185935, at *4 (E.D.Pa. Apr 9, 1997). Because the Court further finds that Giant's Motion for Fees was filed within a reasonable time,[4] the Court will vacate the order dated December 10, 2010, and consider the merits of Giant's Motion for Fees.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[4] Giant filed its Motion for Fees fifty-six days from entry of final judgment. During that same time period (August 18, 2010, through October 13, 2010), the parties also continued to engage in motion practice concerning taxation of costs and a new trial. (Doc. Nos. 87, 90, 91). Given all this, the Court concludes that Giant's Motion for Fees was filed within a reasonable time.